**McADAMS v BLOSSER**

Ohio Appeals, 9th Dist, Wayne Co.

No. 1045. Decided Nov. 4, 1938.

C. W. Horn, Orrville; Edwin S. and Wm. H. H. Wertz, Wooster, for appellee.

Wilbur E. Benoy, Columbus, and Funk & Funk, Wooster, for appellant.

## OPINION

By WASHBURN, J.

The parties will be referred to as plaintiff and defendant as they were in the trial court.

Plaintiff sued the defendant to recover damages for injuries suffered by him while being transported in an automobile owned and operated by the defendant.

The defendant filed various motions and demurrers to the petition, the amended petition and the second amended petition, but none of them raised any question as to defendant's age at the time of the accident.

In one of the petitions, plaintiff claimed that his injuries were due to the defendant's wilful and wanton misconduct.

In an amended petition, plaintiff omitted that allegation, but alleged that plaintiff was a passenger in the defendant's automobile; and in the third amended petition, after it was amended by interlineation by leave of the court, plaintiff alleged that he was a passenger in the defendant's automobile, that at said time he was employed by the defendant and was in the defendant's car in the course of his employment, and that the defendant was guilty of simple negligence; and that was the petition upon which the case was tried.

The answer to the second amended petition admitted that the plaintiff was injured while riding in the defendant's automobile while it was being operated by the defendant, specifically denied that the plaintiff at the time and place was employed by the defendant or that he was acting for the defendant in the course of his employment, and alleged that plaintiff was a guest in defend-

ant's automobile; and no claim was made that the defendant was not of age or that he was incapable of entering into a contract of employment, or anything remotely suggesting that the defendant was not of full age at the time of the accident.

During the trial, in answer to a question upon cross-examination of the father of the defendant, the father stated that the defendant was not 21 years of age at the time of the accident, but the record does not disclose that any claim was made during the trial that that fact had any bearing or consequence upon the issue as to whether the plaintiff was a guest in defendant's automobile; and after several days trial, the jury returned a verdict in favor of the plaintiff, and, upon interrogatories, specifically found that the plaintiff was not transported in the defendant's automobile as a guest, but that he was at said time an employee of the defendant and engaged in the course of his employment.

A motion for judgment notwithstanding the verdict, and a motion for a new trial, were promptly filed, but in neither of said motions was there contained anything indicating that any claim was made that the age of the defendant at the time of the injuries had any bearing upon any of the errors claimed.

Two weeks later, and before said motions had been passed upon, defendant filed a motion for permission to amend his answer by interlining at the end of the first defense that at the time of the accident the defendant was "a minor 19 years of age." The court refused to grant such permission, and it is now claimed that in so refusing the court committed a prejudicial error for which the judgment should be reversed.

Did the court err in refusing to permit such an interlineation?

By such application, the defendant for the first time indicated to the court that there was to be urged any question of error at the trial based upon the fact that the defendant was not of age at the time of the accident. Defendant sought thereby to claim that the finding of the jury that the plaintiff at

the time of the injury was in the defendant's automobile as an employee of the defendant was of no force or effect because the defendant, being a minor, could not make such claimed contract of employment.

We think that, under the circumstances of this case, such an amendment would substantially ■■■■■■ ■ change the defense, and that the court did not err in refusing to permit such amendment under authority of §11363, GC, at the time and under the circumstances in which the application was made.

Having reached this conclusion, it necessarily follows that the claim of the defendant that he was entitled to a directed verdict and to judgment notwithstanding the verdict because of any of the claimed errors set forth in defendant's brief under that general head, and which are based upon the theory that the alleged contract of employment was not enforceable because of the minority of the defendant, are not available to the defendant.

But supposing that they were available, we are of the opinion that holding the defendant liable for his tort is not in effect enforcing his liability on his contract.

Plaintiff's contract was not void, and to hold that the defendant owed plaintiff a duty while riding in the car of the defendant is not an indirect enforcement of the contract. The substantive basis of the tort complained of is not the contract nor an omission of duty under the contract.

If the plaintiff was in the automobile because of the contract, he was not a guest even if the con- ■■■■■■■ ■ tract was unenforceable against the defendant because of his infancy.

The jury found specifically that the plaintiff was in the employ of the defendant and in the course of his employment while riding in said automobile, and we do not find that such finding is manifestly against the weight of the evidence.

At the time of the collision the defendant was driving his automobile

along an improved highway in the country, which highway was designated and marked as a "three-lane highway"; a light, wet snow was falling, the road was slippery, and the defendant was driving in a southerly direction on said highway and his automobile collided with an automobile traveling in a northerly direction on said highway.

The defendant was not overtaking and passing another vehicle or preparing to make a left turn, and the center lane was not allocated to traffic moving in a southerly direction.

The law (§6310-17, GC) therefore required the defendant to drive his automobile in the westerly or right hand lane.

In answer to interrogatories, the jury found specifically that the collision did not occur while the defendant was driving his car in the westerly lane, that at the time of the collision the defendant was not driving in the westerly lane, that no cars were going south in the westerly lane, that the defendant was driving in the center lane in violation of said statute, and that in so driving he was negligent.

Such findings of the jury are not manifestly against the weight of the evidence.

It is urged that the trial court erred in not seperately and definitely stating to the jury the issues of fact, together with appropriate instructions as to each issue. We find that this contention is not well taken in this case when consideration is given to the charge as a whole, including the charges before argument, and to the special findings made by the jury in answer to interrogatories, which enable us to definitely find that some of the claimed imperfections in the charge were not prejudicial.

The court did not err in refusing to give defendant's requests to charge before argument Nos. 5, 6 and 8, because the court gave other charges before argument, **requested by the defendant,** relating to the subjects covered by the requests which were refused.

Some statutes, the violation of which constitutes negligence as a matter of law, were read to the jury, together with other statutes, the violation of which does not constitute negligence as a matter of law, and at the conclusion of the charge, at the suggestion of counsel for plaintiff, the court charged that "the violation of these regulations of the State of Ohio" constitutes "negligence in itself," and then, at the request of counsel for the defendant, the court instructed the jury that plaintiff could not recover for any negligence unless it was a direct and proximate cause of the injury and damage to plaintiff.

So charging the statutes would be a serious matter but for the fact that in answering an interrogatory as to what negligence the jury found the defendant guilty of, the jury found him guilty only of the violation of a statute, the violation of which is negligence as a matter of law, and we find that such finding was justified by the evidence. Under such circumstances the error in so charging said statutes was not prejudicial.

At the request of defendant, the court charged before argument that it was the duty of the plaintiff to exercise ordinary care for his own safety at the time and under the circumstances, that if he failed to use such care he was negligent, and that if such negligence "was a proximate cause of his injuries, the plaintiff cannot recover in this action and your verdict should be for the defendant."

The plaintiff was riding in the seat beside the driver and it was not claimed in the pleadings that he was guilty of contributory negligence; and, although the court charged before argument as above indicated at the request of defendant, the court did not refer to the subject of contributory negligence in the general charge. However, the attention of the trial judge was not called to his omission to include that subject in the part of the charge where he told the jury that if they found certain

facts they should return a verdict for the plaintiff.

Regardless of the effect of such failure on the part of counsel for defendant, we are of the opinion that the evidence in the record was not such as to require the submission of the question of contributory negligence of plaintiff to the jury; and that that is especially so in view of the special and specific finding of the jury that plaintiff was riding in defendant's automobile beside the defendant in the course of his employment by the defendant.

It is urged that the judgment should be reversed for misconduct of an attorney for plaintiff in propounding improper questions to the defendant upon cross-examination.

Counsel for plaintiff did ask quite a number of questions which he must have known were improper, but with one exception, which will be hereinafter referred to, the court promptly sustained objections to all of them. While the asking of such questions cannot be defended, we are of the opinion that in view of the record the conduct of counsel for plaintiff was not prejudicial. The exception hereinbefore referred to occurred under the following circumstances:

In rebuttal counsel asked a question of a witness which it was claimed would contradict the defendant and affect his credibility, and the court sustained an objection because no foundation had been laid for such contradiction. Counsel then obtained permission of the court to recall the defendant and lay such foundation.

Upon such recall, the defendant denied having any conversation with the witness in reference to the radio in the car, and specifically denied that he told the witness to "kick the radio to pieces."

The witness was then recalled and testified that he did have a conversation with the defendant about the radio in the wrecked automobile of the defendant, and then instead of following the accepted practice of asking the witness if the defendant told him to kick the radio to pieces, counsel propounded to the witness the following question: "What did he tell you to do?" No objection was made to the question, and the witness answered: "Said we should push our foot through it, so he could get insurance out of it." (Emphasis ours).

The court overruled a motion to strike out such answer, but the court's attention was not particularly called to the objectionable last part of the answer and the motion to strike out was not confined to that.

Earlier in the trial a doctor who had cared for plaintiff, and whose bill therefor had not been paid, stated, in answer to a question, that he had been told that "the insurance company would probably take care of the bill," but the court struck that statement from the record.

If, in the examination of witnesses, an attorney designedly attempts to inject a reference to the fact that the defendant carries liability insurance for the purpose of instilling a prejudice against the defendant in the minds of the jury, he is guilty of misconduct; but where the information comes in, incidentally, in attempting to prove other facts, or where the record does not show that the particular answer was sought or anticipated, there is no such misconduct as will warrant a reviewing court in granting a new trial; especially is that so where the finding of the jury is justified by the evidence and the verdict is not excessive. In the circumstances presented by the record in this case, we find no prejudicial misconduct, and no abuse of discretion in the court's permitting the recall of the witness to lay the foundation for the contradiction of the defendant.

We find no prejudicial error in the ruling of the court admitting in evidence exhibit No. 26, nor in refusing to withdraw from the jury the testimony of the witness Perry, nor in admitting the X-ray exhibits in evidence; the exhibits were fully and satisfactorily identified.

Some other claims of error are made in reference to the charge of the court and the admission of evidence, which we have examined, and as to which we find no prejudicial error. We shall not take time to refer to them, as we have discussed quite fully all of the principal claims of error.

Judgment affirmed.

STEVENS, PJ. & DOYLE, J., concur.